J-A23027-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                    :               PENNSYLVANIA
                    :
          v.                :
                    :
                    :
WALTER ERWIN            :
                    :
          Appellant     :     No. 320 EDA 2020

Appeal from the PCRA Order Entered December 13, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0505701-2004

BEFORE:   KUNSELMAN, J., NICHOLS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY NICHOLS, J.:         **FILED:  JANUARY 4, 2021**

Appellant Walter Erwin appeals *pro se* from the order dismissing his serial Post Conviction Relief Act[1] (PCRA) petition as untimely.  Appellant argues that the PCRA court erred in dismissing the instant PCRA because it was timely filed under the both the governmental interference and newly discovered facts exceptions to the PCRA's one-year time bar.  We affirm.

The relevant facts giving rise to this appeal are well known to the parties.  Briefly, Appellant was charged in connection to a murder which occurred on February 28, 2004. ***Commonwealth v. Erwin***, 3212 EDA 2005, at 1-2 (Pa. Super. filed Mar. 28, 2008) (unpublished mem.), *appeal denied*, 960 A.2d 454 (Pa. 2008).  The Honorable Renee Cardwell Hughes presided

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

over Appellant's jury trial in June 2005. As a previous panel of this Court explained:

> [the] jury found [Appellant] guilty of murder in the third-degree and not guilty of carrying a firearm without a license. On July 21, 2005[,] the trial court sentenced [Appellant] to the maximum sentence of 20 to 40 years' incarceration. [Appellant] filed post-sentence motions, which were denied on November 9, 2005.

**Erwin**, 3212 EDA 2005, at 2-3. This Court affirmed Appellant's judgment of sentence on March 28, 2008, and our Supreme Court denied allowance of appeal on October 28, 2008. **Id.** at 6. Appellant's conviction became final on January 26, 2009, when the time for seeking certiorari from the United States Supreme Court expired.

Appellant subsequently filed two unsuccessful petitions for collateral review, which we need not discuss here. On October 3, 2017, the PCRA court docketed Appellant's instant *pro se* petition, his third. Therein, Appellant argued that he is entitled to a new trial pursuant to the United States District Court's decision in **Brooks v. Gilmore**, 2017 WL 3475475 (E.D. Pa. Aug. 11, 2017), which held that Judge Hughes's jury instructions, similar to the instructions used at Appellant's trial, contained an unconstitutional definition of reasonable doubt. PCRA Pet., 10/3/17, at 4-8.

Appellant's PCRA petition claimed that he satisfied all three of the statutory exceptions to the PCRA's one-year time bar set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii). **Id.** at 3-4. Specifically, Appellant's petition asserted that his prior PCRA counsel's failure to raise this claim constituted interference

by a government official, satisfying the exception set forth in Section 9545(b)(1)(i).  *Id.* at 9.  Appellant's petition also claimed that Judge Hughes' use of an unconstitutional jury instruction was a newly discovered fact that satisfies Section 9545(b)(1)(ii)'s timeliness exception.  *Id.* at 9-10.[2]

On November 1, 2019, the PCRA court issued a notice of intent to dismiss without a hearing pursuant to Pa.R.Crim.P. 907, which stated that Appellant's petition was untimely and his claim lacked merit.

Appellant filed a *pro se* response to the PCRA court's Rule 907 notice, which the PCRA court docketed on November 19, 2019.  In his response to the Rule 907 notice, Appellant argued that the Commonwealth's failure to disclose Judge Hughes' repeated use of the unconstitutional definition of reasonable doubt in her jury instructions constituted governmental interference akin to a **Brady**[3] violation.  Resp. to 907 Notice, 11/19/19, at 4-5.  Appellant also reiterated his claim that **Brooks** constituted a newly discovered fact for the purposes of Section 9545(b)(ii).  *Id.* at 5-9.[4]

_____

[2] Appellant also argued that pursuant to **Martinez v. Ryan**, 566 U.S. 1 (2012), this claim satisfied the timeliness exception set forth in Section 9545(b)(1)(iii).  PCRA Pet. at 10-12.  Specifically, Appellant claimed that trial counsel, appellate counsel, and PCRA counsel were all ineffective because they did not previously raise the issue of the jury instructions' constitutionality.  *Id.*

[3] **Brady v. Maryland**, 373 U.S. 83 (1963).

[4] Appellant also acknowledged that Section 9545(b)(1)(iii) was inapplicable to the timeliness of his PCRA petition.  Resp. to 907 Notice at 4.

On December 13, 2019, the PCRA court issued an opinion and order dismissing Appellant's petition as untimely. Appellant filed a timely *pro se* notice of appeal on January 2, 2020.[5] The PCRA court did not order Appellant to comply with Pa.R.A.P. 1925(b). The PCRA court did not issue a separate Pa.R.A.P. 1925(a) opinion.

Appellant raises a single issue on appeal: "[d]oes the [PCRA] court's dismissal of the properly filed PCRA without an evidentiary hearing constitute clear legal error given the Appellant invoked two distinct and valid timeliness exceptions?" Appellant's Brief at 7.

Appellant raises two arguments in support of his sole issue. We summarize his first argument, which is that his petition is timely pursuant to the PCRA's governmental interference exception. *Id.* at 16-17. Specifically, Appellant contends that the Commonwealth's failure to reveal Judge Hughes' use of "an unconstitutional jury instruction is akin to a 'breakdown in the court's operation['] and prevented the presentation of the claim in a previous [PCRA] petition." *Id.* at 17 (citing *Commonwealth v. Smith*, 181 A.3d 1168, 1173 n.2 (Pa. Super. 2018)).

---

[5] Appellant erroneously filed his notice of appeal with the Prothonotary of this Court, instead of with the clerk of the trial court, as required under Pa.R.A.P. 902 and 905(a)(1). Our Prothonotary stamped the notice of appeal with the date of receipt, January 2, 2020, and sent it to the Philadelphia Court of Common Pleas to be docketed pursuant to Pa.R.A.P. 905(a)(4) (setting forth the procedure for handling a notice of appeal filed in an incorrect office within the Unified Judicial System).

The Commonwealth responds that Appellant waived the claim that his PCRA is timely based on the governmental interference exception because Appellant raised this issue for the first time in his appellate brief.[6] Commonwealth's Brief at 10 (citations omitted).

Our standard of review for the dismissal of a PCRA petition is limited to "whether the determination of the PCRA court is supported by the evidence of record and is free of legal error." **Commonwealth v. Rizvi**, 166 A.3d 344, 347 (Pa. Super. 2017) (citation omitted). "The timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised therein." **Commonwealth v. Jones**, 54 A.3d 14, 17 (Pa. 2012) (citation omitted). "A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence became final, unless [the petitioner] pleads and proves one of the three exceptions outlined in 42 Pa.C.S. § 9545(b)(1)." **Id.** at 16 (citation and footnote omitted). "A judgment becomes final at the conclusion of direct review by [the Pennsylvania Supreme] Court or the United States Supreme Court, or at the expiration of the time for seeking such review." **Id.** at 17 (citing, *inter alia*, 42 Pa.C.S. § 9545(b)(3)).

---

[6] The Commonwealth noted that Appellant previously argued that the ineffectiveness of his prior counsel constituted governmental interference. Commonwealth's Brief at 10. The Commonwealth further observed that defense counsel is not considered a governmental official for the purposes of 42 Pa.C.S. § 9545(b)(1)(i). **Id.** (citing **Commonwealth v. Pursell**, 749 A.2d 911, 916 (Pa. 2000)).

Courts may consider a PCRA petition filed more than one year after a judgment of sentence becomes final only if the petitioner pleads and proves one of the following three statutory exceptions:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). To invoke one of these exceptions, a petitioner must also file a PCRA petition within sixty days of the date the claim could have been presented. *See* 42 Pa.C.S. § 9545(b)(2).[7]

"Issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). This Court has explained that Rule 302 "bars an appellant from raising a new and different theory of relief for the first time on appeal." *Commonwealth v. Phillips*, 141 A.3d 512, 522 (Pa. Super. 2016) (citation and quotation marks omitted)). Furthermore,

_____

[7] Section 9545(b)(2) was amended on October 24, 2018, effective December 24, 2018, extending the time for filing from sixty days of the date the claim could have been first presented to one year of that date. The amendment applies to claims arising on December 24, 2017, or thereafter. *See* Act of Oct. 24, 2018, P.L. 894, No. 146, § 3. Because Appellant asserts that his claim arose when *Brooks* was decided on August 11, 2017, the amended Section 9545(b)(2) does not apply to him.

"[a]sserted exceptions to the time restrictions for a PCRA petition must be included in the petition, and may not be raised for the first time on appeal." ***Commonwealth v. Larkin***, 235 A.3d 350, 356 (Pa. Super. 2020) (*en banc*) (citation omitted); ***see also Commonwealth v. Burton***, 936 A.2d 521, 525 (Pa. Super. 2007) (stating "exceptions to the time bar must be pled in the PCRA petition, and may not be raised for the first time on appeal." (citation omitted)).

Instantly, Appellant argues for the first time on appeal that the Commonwealth's failure to inform him that Judge Hughes used an unconstitutional jury instruction was a "breakdown in the court's operation that prevented the presentation of the claim in a previous PCRA petition." ***See*** Appellant's Brief at 17 (citation and quotation marks omitted). This claim was never presented to the PCRA court, either in Appellant's PCRA petition or in his response to the PCRA court's notice of intent to dismiss.

As stated above, Appellant raised two theories related to the governmental interference exception before the PCRA court: (1) his prior counsel's failure to argue that Judge Hughes' jury instruction was unconstitutional, ***see*** PCRA Pet. at 9; and (2) the Commonwealth's failure to inform him that Judge Hughes' jury instruction was unconstitutional was akin to a ***Brady*** violation. ***See*** Resp. to 907 Notice at 4-5. We agree with the Commonwealth that Appellant waived the present claim because he raises it for the first time on appeal. ***See generally Larkin***, 235 A.3d at 356; ***Burton***, 936 A.2d at 525.

- 7 -

Having resolved Appellant's first argument, we summarize his second argument in support of his sole issue. Appellant claims that his petition is timely under the PCRA's newly discovered facts exception because **Brooks** constitutes a newly discovered fact. Appellant's Brief at 10-16. According to Appellant, in **Brooks,** the District Court granted the petitioner a new trial on the basis that Judge Hughes provided constitutionally infirm jury instructions. **Id.** at 10-11. More specifically, Appellant argues that when **Brooks** held that Judge Hughes' jury instruction on reasonable doubt was unconstitutional, "a new claim was spawned." **Id.** at 13. Appellant also asserts that he could not have presented his claim "until the 'fact' of Brooks receiving a new trial . . . ." **Id.** at 14. Appellant claims that he filed the instant PCRA petition within sixty days of the date **Brooks** was decided. **Id.** at 11-12.

Appellant argues that the PCRA court erred in relying on **Commonwealth v. Watts**, 23 A.3d 980, 986 (Pa. 2011) to conclude that **Brooks** was not a new fact for the purposes of Section 9545(b)(1)(ii). **Id.** at 12-16. Appellant argues **Watts** is distinguishable from the instant case because, unlike the defendant in **Watts**, Appellant's claim did not exist until **Brooks** was decided. **Id.** at 13-14. Appellant further contends that **Watts**' holding that judicial decisions are not "facts" for the purposes of Section 9545(b)(ii) conflicts with the Statutory Construction Act, insofar as our Supreme Court interpreted the definition of "fact" to exclude judicial decisions. **Id.** at 14-16.

The Commonwealth responds that Appellant's petition is untimely and that he has failed to establish an exception to the PCRA time bar. Commonwealth's Brief at 7-11. The Commonwealth argues that pursuant to **Watts**, the PCRA court correctly concluded that "a judicial opinion does not qualify as a previously unknown 'fact.'" **Id.** at 9.

In **Watts**, our Supreme Court considered "whether a judicial opinion qualifies as a previously unknown "fact" capable of triggering the timeliness exception codified at section 9545(b)(1)(ii) of the [PCRA] . . . ." **Watts**, 23 A.3d at 981. The defendant in **Watts** argued that his PCRA petition was timely because our Supreme Court's decision in **Commonwealth v. Bennett**, 930 A.2d 1264 (Pa. 2007), qualified as a previously unknown fact. **Id.** at 984. The **Watts** Court rejected the defendant's argument and declared that, in the context of Section 9545(b)(1)(ii), "judicial determinations are not facts." **Id.** at 986. Our Supreme Court explained the difference between facts and law, stating that "an in-court ruling or published judicial opinion is law, for it is simply the embodiment of abstract principles applied to actual events." **Id.** at 987. The **Watts** Court concluded that the publication of **Bennett** "did not trigger section 9545(b)(1)(ii) because it was not an event that spawned a new claim." **Id.**

More recently, our Supreme Court reaffirmed that "a judicial opinion — even one which may establish a new theory or method of obtaining relief — does not amount to a new 'fact' under Section 9545(b)(1)(ii) of the PCRA." **Commonwealth v. Reid**, 235 A.3d 1124, 1148 (Pa. 2020) (citing **Watts**, 23

A.3d at 987) (some formatting altered).  In **Reid**, our Supreme Court rejected the defendant's argument that the United States Supreme Court's decision in **Williams v. Pennsylvania**, --- U.S. ---, 136 S. Ct. 1899 (2016) could serve as the factual predicate for the defendant's claimed exception to the PCRA's one-year time bar.  **Id.**

With respect to the instant case, there is no dispute that Appellant's conviction became final on January 26, 2009.  Therefore, Appellant had until January 26, 2010, to file a timely PCRA petition.  **See Jones**, 54 A.3d at 16-17.  Appellant's current PCRA petition, filed on October 3, 2017, is facially untimely.  In **Reid** and **Watts**, our Supreme Court expressly held that judicial opinions are not facts for the purposes of Section 9545(b)(1)(ii), even if a judicial opinion established a new theory of relief.  **See Reid**, 235 A.3d at 1148; **Watts**, 23 A.3d at 986-87.  For the same reasons, we cannot consider the **Brooks** decision, regardless of whether it established a new theory of relief, to be a new "fact" for purposes of Section 9545(b)(1)(ii).  **See Reid**, 235 A.3d at 1148; **Watts**, 23 A.3d at 986-87.  Therefore, Appellant's reliance on **Brooks** does not satisfy the newly-discovered fact exception to the time-bar.  **See Reid**, 235 A.3d at 1148; **Watts**, 23 A.3d at 986-87.  For these reasons, we agree with the PCRA court that Appellant has failed to establish that any of timeliness exceptions of Section 9545(b) apply to the instant PCRA petition.  **See Rizvi**, 166 A.3d at 347; **Jones**, 54 A.3d at 16-17.  Accordingly, we affirm the order below.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/4/21